IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN COOPER,                          )
                                      )
            Petitioner                )
                                      )
      vs.                             ) Civil Action No. 06-1332
                                      )
PA. STATE ATTORNEY GENERAL,           ) Judge David S. Cercone
                                      ) Magistrate Judge Amy Reynolds Hay
            Respondent                )

REPORT AND RECOMMENDATION

RECOMMENDATION

     It is recommended that the petition for habeas corpus
brought under 28 U.S.C. § 2254 be dismissed before service
pursuant to Rule 4 of the Rules Governing Section 2254 Petitions.

REPORT

     John Cooper ("Petitioner"), a state prisoner, convicted in
February 1977[1] of first degree murder and serving a life
sentence, now seeks federal habeas relief.  On October 6, 2006,
Petitioner, acting pro se, submitted a pre-printed form habeas
petition for filing.  Pursuant to Rule 4, the petition should be
dismissed for at least two independent reasons.  First, it is
time barred.  Second, the sole issue raised is a Fourth Amendment
issue that is barred by Stone v. Powell, 428 U.S. 465, 494
(1976).

---

[1]  Petition at ¶ 2.

### A.   Relevant Procedural History

The facts of Petitioner's conviction and the relevant state procedural history up to his direct appeal may be found in Commonwealth v. Cooper, 411 A.2d 762 (Pa. Super. 1979).

In the habeas petition, Mr. Cooper notes that the sole issue he is raising is "Warrantless Arrest." Petition at 5, ¶ 12. The only facts alleged in support of his sole claim are that "I was arrested without a warrant and evidence was used at trial from the warrantless intrusion." Id.[2]

### B.   Applicable Legal Principles

#### 1.   Rule 4 Pre service dismissals

Rule 4 of the Rules governing Section 2254 cases provides in relevant part that:

> The [Section 2254] petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.

In interpreting Rule 4 of the Rules Governing Section 2254 Proceedings, the Advisory Committee Notes to Rule 4 observe that

---

[2]  Petitioner also mentions that he was told to file a presidential pardon. Petition at ¶ 9 (g)(2). He attached to his petition what purports to be a copy of the presidential pardon, signed by "William G. Clinton." To the extent that Petitioner rests any claimed right to receive relief based on the alleged presidential pardon, the court finds the copy provided to the court to be fraudulent and, hence, it does not entitle Petitioner to any relief whatsoever.

> 28 U.S.C. § 2243 requires that the writ shall be
> awarded, or an order to show cause issued, "unless it
> appears from the application that the applicant or
> person detained is not entitled thereto."  Such
> consideration, may properly encompass any exhibits
> attached to the petition, including, but not limited
> to, transcripts, sentencing records, and copies of
> state court opinions. The judge may order any of these
> items for his consideration if they are not yet
> included with the petition.

In addition to ordering state court records and/or opinions, a

federal habeas court may take judicial notice of those state

court records and/or state court dockets.  See, e.g., Brown v.

Whetsel, No. CIV-05-568-F, 2005 WL 1606457 (W.D. Okla. June 1,

2005)(in Rule 4 case, court took judicial notice of state court

docket); United States ex. rel. Martin v. Gramley, No. 98 C 1984,

1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4

summary dismissal, the court took "judicial notice of the opinion

of the Illinois Appellate Court in this case.").

    2.   AEDPA applies

The Antiterrorism and Effective Death Penalty Act of 1996,

Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended

the standards for reviewing state court judgments in federal

habeas petitions filed under 28 U.S.C. § 2254, was effective

April 24, 1996.  Because petitioner's habeas petition was filed

after the effective date of AEDPA, AEDPA is applicable to this

case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

**C.   Discussion**

    1.   The Petition is time barred

The court may raise the AEDPA statute of limitations bar sua sponte pursuant to Rule 4.  See United States v. Bendolph, 409 F.3d 155 (3d Cir.  2005), *cert. denied*, 126 S.Ct. 1908 (2006).[3]

It is apparent from the face of the petition and from matters of which the court can take judicial notice, that Mr. Cooper's conviction became final prior to the effective date of AEDPA.  Hence, his conviction is deemed to have become final on the effective date of AEDPA, i.e., April 24, 1996 and he had one year from that date in which to file his habeas petition, i.e., by April 24, 1997.  See Burns v. Morton, 134 F.3d 109, 1112 (3d Cir. 1998) (establishing a one year grace period after AEDPA's enactment date and holding that where convictions became final

---

[3] To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar as well as the Stone v. Powell bar, the report and recommendation procedure with its opportunity to file objections provides such notice and opportunity to be heard. See, e.g., Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("Here, the Magistrate Judge's Memorandum and Recommendation placed Magouirk on notice that procedural default was a potentially dispositive issue with respect to three of his claims. Magouirk responded to the Magistrate Judge's sua sponte invocation of procedural default within the ten-day time period allowed for filing objections to the report.  Thus, Magouirk was afforded both notice and a reasonable opportunity to oppose application of the procedural default doctrine in the district court."); Canady v. Baker, 142 F.3d 432 (Table), 1998 WL 123996, *1 (6th Cir. 1998)(same); United States v. Willis, 273 F.3d 592, 597 n.6 (5th Cir. 2001)("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court.").

before April 24, 1996, the effective date of AEDPA, habeas petitions filed within one year thereof come within AEDPA's one year statute of limitations).  The Court of Appeals explained the effect of its holding in Burns v. Morton is to "make . . . all other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the limitations period." United States v. Duffus, 174 F.3d 333, 334 (3d Cir. 1999).  Petitioner is not deemed to have filed the current petition until, at the earliest, August 28, 2006, the date whereon he signed his habeas petition.[4]  This is more than nine years after his conviction is deemed to have become final.[5]  Because he raised the issue of the

---

[4]    The "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d at 113; United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001).  In the present case, the petition was executed on August 28, 2006 and it was received by the District Court on October 6, 2006.  As such, it appears that petitioner delivered the petition to prison officials sometime between August 28, and October 6, 2006. Absent proof of the exact date of delivering the petition to the prison authorities, the court will treat August 28, 2006 the date whereon Petitioner signed his petition, as the filing date.  See Henshaw v. Commissioner, Dept. of Correction, No. 99-848-SLR, 2000 WL 777868 (D. Del. June 8, 2000).  See also Rhodes v. Senkowski, 82 F.Supp.2d 160,165 (S.D.N.Y. 2000)("Absent evidence to the contrary, the Court assumes that Rhodes gave his petition to prison officials for mailing on the date he signed it, February 9, 1998.").

[5]    While it is true that a properly filed post conviction petition can toll the running of the AEDPA statute of limitations, Petitioner recounted that he only filed one post conviction petition in the State Courts and that the final decision in the post conviction proceedings was rendered by the State Supreme Court in 1985.  Petition at 6, ¶ 12(c)(6).  Hence, such a post conviction petition would not have tolled the running of AEDPA's limitations period which did not even begin to run until April 24, 1996.

warrantless arrest in his direct appeal, and because he does not appear to rely on a newly recognized constitutional right, nor does he allege any impediment to his filing of the petition, as is his burden,[6] notwithstanding that the pre-printed form explicitly inquires about the timeliness of the petition, the Court finds that the date to be used for calculating the statute of limitations is the date his conviction is deemed to have became final.  Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002)("Because Jackson did not assert that a government-created impediment to his filing existed, that he based his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have

---

[6] It is appropriate to place at least some burden of pleading and production on a habeas petitioner to show that the date for the running of the AEDPA limitations period should start from either the date a State created impediment was removed (28 U.S.C. § 2244(d)(1)(B)) or start from the date on which a factual predicate could first have been discovered (28 U.S.C. § 2244(d)(1)(D)).  Jackson v. Secretary for Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002).  This is so because it would seem that such information is more peculiarly within the party asserting/arguing the existence of such impediment and/or factual predicate, i.e., the habeas petitioner.  Cf. Gomez v. Toledo, 446 U.S. 635, 640-41 (1980)("Our conclusion as to the allocation of the burden of pleading is supported by the nature of the qualified immunity defense. As our decisions make clear, whether such immunity has been established depends on facts peculiarly within the knowledge and control of the defendant."); Compagnie Des Bauxites De Guinee v. Insurance Co. of North America, 721 F.2d 109, 116 (3d Cir. 1983)("Indeed, allocating the burden of persuasion to the insured is consistent with the well established rule that where the facts lie peculiarly within the knowledge of one party, that party should bear the risk of non-persuasion. Any other rule would be particularly onerous to a party lacking information but required to prove a negative.").  In addition, it would be more peculiarly in the knowledge of a habeas petitioner if he is asserting/arguing that his habeas petition relies upon a newly recognized constitutional right made retroactive by the Supreme Court.

been discovered through due diligence before the filing of this petition, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final."). Measuring the statute of limitations from the date his conviction is deemed to have become final, it is clear that Petitioner has not timely filed his habeas petition. Hence, the petition should be dismissed as time barred.

2. *Stone v. Powell* bars this habeas petition

The only issue Petitioner raised in the petition is that of the warrantless arrest and use of evidence obtained pursuant to that allegedly illegal arrest. Such a claim arises under the Fourth Amendment. See, e.g., Soltesz v. City of Sandusky, 49 Fed.Appx. 522, 527 (6th Cir. 2002)("[T]he plaintiff's claim, no matter how couched, is simply that he was improperly subjected to a warrantless arrest, a claim that implicates the very substance of the Fourth Amendment.").

Unfortunately for Petitioner such Fourth Amendment claims are simply not cognizable in a federal habeas petition.

The rule established in 1976 and zealously adhered to since is that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494

7

(1976). Moreover, it is Petitioner's burden to show that the prohibition of Stone v. Powell is not applicable based on a claim that he was denied a full and fair opportunity to litigate the Fourth Amendment claim in the state courts. Sanna v. Dipaolo, 265 F.3d 1, 8 (1st Cir. 2001)("The petitioner bears the burden of proving that his case fits within the contours of the [Stone v. Powell] exception", i.e., that the State did not afford him a full and fair opportunity to litigate the Fourth Amendment claim.); Doleman v. Muncy, 579 F.2d 1258, 1266 (4th Cir. 1978) ("[T]he burden of pleading and proof is upon him to indicate in the petition, and at a hearing, if necessary, the *reasons* he has, and *the facts in support thereof*, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims.")

Petitioner has failed to even plead that the Commonwealth did not provide him a full and fair opportunity to litigate his Fourth Amendment claim. However, even if he so pled, he could not successfully maintain, on this record, that the Commonwealth of Pennsylvania failed to provide him an opportunity for full and fair litigation of his Fourth Amendment claim. This is so, especially in light of the fact that he raised the Fourth Amendment claim in the Common Pleas court, and on direct appeal to the Superior Court. See, e.g., Commonwealth v. Cooper, 411 A.2d at 764, wherein the Superior Court recounted that:

> The first issue raised by appellant concerns the refusal of the suppression judge to act favorably upon appellant's suppression motion concerning the items found below his bedroom window. Appellant's main thrust in his suppression motion was that the police lacked probable cause to make a warrantless arrest and that the seizure of the items was tainted thereby. The suppression judge found there was probable cause for the warrantless arrest of appellant for murder in his dwelling and that the evidence seized as a consequence thereof was admissible because it was concomitant with a lawful arrest. Furthermore, it was properly seized under the "plain view" doctrine as most recently enunciated in *Com. v. Harris*, 479 Pa. 131, 387 A.2d 869 (1978). Now appellant contends that the evidence should not have been seized because of the failure on the part of the police to obtain both a body warrant and a search warrant. This belated contention appears to be devoid of merit.

The State suppression court fully considered Petitioner's claim and ultimately rejected his contention that the arrest and seizure of evidence violated his Fourth Amendment rights. Hence, it appears that Petitioner did indeed have a full and fair opportunity to litigate this claim in the State Courts. At the very least he has not carried his burden to show otherwise. Hence, the doctrine of <u>Stone v. Powell</u> bars this habeas petition.

Even if the State Courts got it wrong, i.e., decided the Fourth Amendment claim incorrectly, something we do not decide, such would not overcome the prohibition promulgated in <u>Stone v. Powell</u> that Fourth Amendment claims are not cognizable in federal habeas where the state has provided a full and fair opportunity to litigate the claim. <u>See</u>, <u>e.g.</u>, <u>United States ex rel. Petillo v. State of New Jersey</u>, 562 F.2d 903, 906 (3d Cir. 1977). In

Petillo, the petitioner therein claimed that his Fourth Amendment rights had been violated by an affidavit obtained by lies.  The state courts rejected the contention that the police had lied. The Federal District court, found, in part, that the state courts' disposition of the Fourth Amendment claim was not fairly supported by the record and granted the writ.[7]  The Court of Appeals reversed, holding that the Fourth Amendment claim was not cognizable in federal habeas because the state had provided a full and fair opportunity to litigate the issue.  The Petillo Court declared that

> it is necessary to restate once again the *post-Stone v. Powell* role of a federal habeas court faced with a petitioner's fourth amendment claim.  The question is not whether the trial court "correctly" decided the fourth amendment issue, but whether the petition was given an opportunity for full and fair state court litigation of his fourth amendment claim.  Holmberg v. Parratt, 548 F.2d 745, 746 (under *Stone* incorrect application of fourth amendment principles by state is irrelevant in habeas review). . . .

Petillo, 562 F.2d at 906.  See also  United States ex rel. Hickey v. Jeffes, 571 F.2d 762, 766 (3d Cir. 1978)("[W]e note that the Commonwealth afforded an opportunity for a pretrial suppression motion, that the Superior Court considered the issue on appeal and that the Supreme Court denied allocatur.  *Stone v. Powell*, 428 U.S. 465 (1976) is an insurmountable obstacle to habeas

---

[7]  See U.S. ex rel. Petillo v. State of New Jersey, 418 F.Supp. 686, 687 (D.N.J. 1976), vacated and remanded by, 562 F.2d 903 (3d Cir. 1977), which incorporated its earlier opinion, U. S. ex rel. Petillo v. State of N. J., 400 F.Supp. 1152, 1165 (D.N.J. 1975) .

corpus relief, since the Pennsylvania courts have afforded a full
and fair opportunity to litigate the question of the fourth
amendment violation.  Their decision, even if erroneous, is now
beyond Article III review.")(footnote omitted).  As demonstrated
by Petillo and Hickey, the pertinent inquiry is not whether the
State courts erred in applying Fourth Amendment standards but the
inquiry is confined to whether the State provided procedures to
the petitioner that ensured a full and fair opportunity to
litigate the Fourth Amendment claim.  Here, it is clear that
Petitioner did receive such an opportunity.

        The rule of Stone v. Powell remains good law even after the
enactment of AEDPA.  In other words, the inquiry post-AEDPA is
not whether the State courts' adjudication of the Fourth
Amendment claims was contrary to or an unreasonable application
of United States Supreme Court precedent but the proper inquiry
is the Stone v. Powell inquiry of whether the State provided a
full and fair opportunity to litigate the Fourth Amendment claim.
For example, in a well reasoned opinion in a habeas petition that
was filed post-AEDPA, the Court of Appeals for the First Circuit
held that

> Although a federal habeas court may inquire into the
> adequacy and fairness of available state court
> procedures for the adjudication of Fourth Amendment
> claims, its inquiry ordinarily ends upon a
> determination that those procedures pass muster.  *See*
> *Pignone v. Sands*, 589 F.2d 76, 79 (1ST Cir. 1978).
> Put another way, "a full and fair opportunity" to
> litigate means that the state has made available to

> defendants a set of procedures suitably crafted to test
> for possible Fourth Amendment violations.  *Id.*  So long
> as a state prisoner has had an opportunity to litigate
> his Fourth Amendment claims by means of such a set of
> procedures, a federal habeas court lacks the authority,
> under *Stone*, to second-guess the accuracy of the state
> court's resolution of those claims.  *See Caver v.
> Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)(holding
> habeas review precluded if state provides a suitable
> procedure for full and fair opportunity to litigate
> Fourth Amendment claims, regardless of whether the
> petitioner employs that procedure).  Hence, the
> mistaken outcome of a state court suppression hearing,
> standing alone, cannot be treated as a denial of the
> opportunity fully and fairly to litigate a Fourth
> Amendment claim (and, thus, cannot open the door to
> federal habeas review). *Willett v. Lockhart*, 37 F.3d
> 1265, 1270 (8th Cir. 994) (en banc) . . . *United
> States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906
> (3d Cir. 1977).

Sanna v. Dipaolo, 265 F.3d 1, 8-9 (1st Cir. 2001).  Accord,

Marshall v. Hendricks, 307 F.3d 36, 81-82 (3d Cir. 2002)(applying

rule of Stone v. Powell to habeas petition filed post AEDPA and

not applying AEDPA's contrary to/unreasonable application

analysis).

Likewise here, in this case filed post AEDPA, even if we

assumed the contrariness or unreasonableness of the State courts'

adjudication under AEDPA, such would not overcome the Stone v.

Powell rule that Fourth Amendment claims are not cognizable in

federal habeas because the Commonwealth has provided Petitioner a

full and fair opportunity to litigate the claim.  See e.g., White

v. Galaza, No. C 99-2900, 2000 WL 630861, *3 (N.D. Cal. May 8,

2000)("If [petitioner] White had the opportunity to litigate his

Fourth Amendment claim, it cannot be the basis for granting his

12

habeas petition, even if the state court's decision on his claim was contrary to clearly established Supreme Court precedent or involved an objectively unreasonable application of such precedent.")(*citing* <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1503 (2000)(wherein the Supreme Court noted it is "well settled that the fact that constitutional error occurred in the proceedings that led to a state-court conviction may not alone be sufficient reason" to grant a habeas petition, and citing <u>Stone v. Powell</u>, as an example of such an error)).

Because Petitioner fails to show, as is his burden, why the rule of <u>Stone v. Powell</u> should not control here, the rule is applicable and serves to preclude the District Court from granting Petitioner relief on his claim.  Accordingly, Petitioner has not carried his burden to show that he merits relief.

D.   **Certificate of Appealability**

A certificate of appealability (COA) should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  <u>See</u>, <u>e.g.</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000); <u>Walker v. Government of The Virgin Islands</u>, 230 F.3d 82, 89-90 (3d Cir. 2000).

In Slack v. McDaniel, the Supreme Court held that "when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. at 478.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." Id. at 484-85.  The test is conjunctive and both prongs must be met. See, e.g., Walton v. Angelone, 321 F.3d 442, 459 & 460 n.16 (4th Cir. 2003).  Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether dismissal of the petition on the basis of Stone v. Powell, or on the basis of it being untimely was correct.  Accordingly, a certificate of appealability should be denied.

CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this

order to the District Court.  Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto.  Failure to timely file an appeal may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ Amy Reynolds Hay
United States Magistrate Judge

Dated: 2 April, 2007

cc:  Hon. David S. Cercone
     United States District Judge

     John Cooper
     AF-7021
     SCI Frackville
     1111 Altamont Boulevard
     Frackville, PA 1793

15